SOUTHERN EXPRESS COMPANY *vs.* CAPERTON.

[ACTION AGAINST EXPRESS COMPANY, AS COMMON CARRIER, FOR DAMAGES
FOR FAILURE TO DELIVER MONEY PACKAGE.]

1. *Consignee, presumption of ownership; prima facie only, and may be rebutted.*—The consignee is the person *prima facie* entitled to sue a common carrier for loss of property, but this presumption may be rebutted by proof

2. *Same; who may sue in his own name, on contract with carrier.*—One who has a beneficial interest in the performance of the contract, or a special property or interest in the subject-matter of the agreement, may support an action, in his own name, on the contract.

3. *Common carrier, stipulation by; what is unreasonable and inoperative.*— A stipulation in a receipt given by a common carrier, that it should not be liable for loss of a package of money unless a claim for the loss was made within 30 days from the date of the receipt is unreasonable, and tends to fraud, and is inoperative. *Quere.*—Whether a printed blank receipt, containing restrictions of his responsibility, and to be used generally, filled up by the common carrier and given to a party sending goods, is a special contract?

APPEAL from Circuit Court of Jackson.
Tried before Hon. W. J. HARRALSON.

The facts of this case are sufficiently set out in the opinion.

The complaint was as follows:

"The State of Alabama, ⎫     Circuit Court,
        Jackson county. ⎭     Fall Term, 1867.

"Adam H. Caperton, plaintiff, *vs.* The Southern Express Company, defendant.

"The plaintiff claims of the defendant, a body corporate, chartered by the State of Alabama, one thousand dollars as damages, for the failure to deliver certain moneys, viz: eight hundred dollars in current national bank-notes and treasury-notes issued and circulated as money, by authority of the United States, received by said defendant as a common carrier to be delivered to S. R. Cruse at Hunts-

ville, Alabama, for a reward, which said defendant failed to do."

WALKER & BRICKELL, for appellant.
BEIRNE & GORDON, for appellee.

B. F. SAFFOLD, J.—This suit was brought by the appellee against the appellant to recover damages for the non-delivery of a package of $800 which the defendant, as a common carrier, undertook to carry from Stevenson to Huntsville, and there to deliver it to S. R. Cruse.

The receipt given for it by the agent of the defendant, amongst other restrictions limiting the responsibility of the defendant, specified that there should be no liability for any loss, unless the claim therefor should be made in writing at the office of the company, at Stevenson, within thirty days from the date of the receipt, in a statement to which the receipt should be annexed. This receipt was signed by the agent, for the company, alone.

The only controversy about the facts necessary to sustain the complaint was in reference to the right of the plaintiff to sue, and his non-compliance with the terms of the receipt respecting the claim for loss within thirty days.

The evidence on these two points was, that the money belonged to the Memphis & Charleston Railroad Company, of which the plaintiff was the agent. The package was consigned to the treasurer of that company. The receipt of the defendant's agent at Stevenson was the plaintiff's voucher in the settlement of his accounts with the railroad company. The plaintiff was dismissed from the service of the company in 1866, and was refused by it any credit for the receipt of $800. He was not informed until April, 1867, that the package had not been delivered. He made no demand for the money at all on the agent of the defendant at Stevenson, but wrote to its general superintendent at Atlanta in June, 1867. The receipt was dated March 3, 1866. The suit was commenced in August, 1867.

Exception was taken to a charge of the court, that if the plaintiff made a demand for money within a reasonable time after he was informed of its loss, the verdict must be

in his favor; and to a refusal to charge, 1st, that if the jury believed the evidence, they must find for the defendant; 2nd, that the plaintiff was not entitled to recover unless he had, within thirty days from the date of the receipt, made a statement in writing of the loss of the money as specified in the receipt.

In cases like this the consignee is *prima facie* the person entitled to sue, but this presumption may be rebutted by proof. The party only in whom the legal interest is vested can maintain an action for an injury to property. *Jones v. Sims & Scott*, 6 Porter, 138; *Barrett v. Rogers*, 7 Mass. R. 297. But one who has a beneficial interest in the performance of the contract, or a special property or interest in the subject-matter of the agreement, may support an action in his own name on the contract.—Angell on Carriers, §§ 491, 492. The proof respecting the plaintiff's interest was not such as would have justified the court in charging that he could not recover.

By the common law, the loss of the goods fixed the liability of the carrier in every instance except the act of God, or of the public enemy. He can not now avoid this responsibility by any mere general notice. The extent to which he may protect himself by special contract is by no means settled. He can not, in this State, contract for exemption from liability for damage caused by the negligence, willful default, or tort, of himself or his servants, and the burden of disproving these is upon him.—*M. & O. R. R. Co. v. Jarboe*, 41 Ala. 644; *Same v. Hopkins, ib*; *M. & W. P. R. R. Co. v. Edmonds, ib.* 667; *Steele & Burgess, v. Townsend*, 37 Ala. 247. This disability is imposed on him on account of his public character, the necesssity the people are under of dealing with him, and the manifest injustice of allowing him to carry on a lucrative trust business, free from the ordinary responsibility of other employments.

For the same reason, he can not be allowed to make a statute of limitations so short as to be capable of becoming a means of fraud. Thirty days might elapse before the consignee became aware that anything had been consigned to him, especially if he was absent from home.

It was the duty of this defendant to deliver this package to Mr. Cruse, and it is more than unreasonable to allow it to appropriate the property of another by a failure to perform a duty, and that, too, under the protection of a writing signed only by its agent, the assent to which, by the other party, is only proven by his acceptance of the paper.

*Quere*, whether a printed blank receipt containing restrictions of his responsibility and to be used generally, filled up by the carrier, signed by him alone, and given to a party sending goods, is a special contract?

There was no error in the charge given, or in the refusal of the court to give the second one excepted to.

The judgment is affirmed.

NOTE BY REPORTER.—At a subsequent day of the term, Messrs. Walker & Brickell, attorneys for appellant, petitioned for a rehearing. Accompanying the petition was an elaborate argument dwelling, among other things, specially upon the fact that there was no averment of ownership in the plaintiff, in the complaint, and that the very point contended for had been settled in favor of appellant in the case of *M. & W. P. R. R. v. Edmonds*, 41 Ala. 667.

The following response was delivered thereto, at the June term, 1870, by

SAFFOLD, J.—The chief ground stated for a rehearing, not sufficiently considered in the opinion, is that the plaintiff was the consignor, and the complaint does not aver ownership in him. This objection ought to have been taken on demurrer, when the complaint might have been amended. If it was intended to take advantage of it by the charges asked, it ought to have been clearly expressed, so that the amendment might even then have been made. The complaint contains a substantial cause of action. The evidence showed an interest in the plaintiff which entitled him to sue. The judgment can not now be set aside.

A rehearing is denied.