# Southern Express Company v. Bank of Tupelo.

*Action against Express Company for Failure to Deliver Money, and for Money had and Received.*

1. *Common carrier; construction of bill of lading.*—A stipulation in a bill of lading that "in no event should the defendant be liable for any loss, unless a claim therefor should be made in writing at the office of the defendant where the money is alleged to have been shipped from, within thirty-two days from the date of said contract," is unreasonable, tends to fraud, and is void.

2. *Failure to deliver money; return of receipt.*—In an action for money had and received, brought against an express company, which the shipper was fraudulently induced by an agent of defendant to

[Southern Express Company v. Bank of Tupelo.]

send by it, there is no necessity to return the receipt before bringing the suit.

3. *Common carrier; embezzlement by agent.*—Where by fraud of its agent, an express company induces one to deliver it money to be carried and delivered to a fictitious person, and the money is delivered by the company to such agent, and is embezzled by him, the shipper can recover of the company therefor in an action for money had and received.

APPEAL from Walker Circuit Court.

Tried before Hon. JAS. J. BANKS.

The complaint in this action contained two counts. One for the failure by the defendant to deliver to R. H. Sanford & Co. certain money received by it from plaintiff for that purpose, and the other for money had and received by defendant for plaintiff's use. The general issue and a special plea was interposed by the defendant. The matter of the special plea, to which a demurrer was sustained, is shown by the opinion.

The material evidence was as follows: One D. R. Sanford, who was the agent of the defendant, and also of the railroad at Sulligent, Ala., sent to the plaintiff, a bill of lading for twenty bales of cotton, signed by him for the railroad for which he was agent. This cotton purported to be consigned to Barry Thayer & Co., of Boston, Mass., by and on account of R. H. Sanford & Co., of Sulligent. Attached to the bill of lading, was a draft by R. H. Sanford & Co. upon Barry Thayer & Co. which was drawn in that name by said D. R. Sanford, which the plaintiff discounted, delivering the proceeds thereof to the defendant to be shipped and delivered to R. H. Sanford & Co. at Sulligent, Ala. The defendant gave to the plaintiff its receipt therefor with stipulations as shown in the opinion. This money was sent to Sulligent, and there received and embezzled by the defendant's agent, D. R. Sanford. It was shown that R. H. Sanford & Co. was purely a fictitious firm, and was a name used by D. R. Sanford for perpetrating the fraud. The draft upon Barry Thayer & Co. was duly returned to plaintiff, protested for non-acceptance.

The plaintiff then made demand upon the defendant for the money, which being refused, this suit was begun. Written charges were given and refused by the trial court, by which the points passed upon in the opinion were raised.

[Southern Express Company v. Bank of Tupelo.]

Judgment was rendered for the plaintiff, and the defendant appealed.

ALEX T. LONDON, for appellant.—If the plaintiff was defrauded by a false bill of lading or draft, he was bound to tender back this evidence to the defendant before he can recover.—*Evans v. Gayle*, 43 Am. Dec. 614; Benj. on Sales, § 452; *Parley v. Beach*, 34 Am. Dec. 56–68–n; *Hagan v. Meyer*, 5 Hill 390; *Henry v. Allen*, 93 Ala. 197; *Cozzins v. Whitaker*, 3 Stew. & P. 330; 2 Chit. on Car. 1092 n a; *Bassett v. Brown*, 105 Mass. 558; *Marsa v. Bracket*, 98 Mass. 107; *Jones v. Anderson*, 82 Ala. 302; *Lockwood v. Fitts*, 90 Ala 154; *Sheffield v. Neil*, 87 Ala. 158.

2. A principal is not charged with notice of a fraud through an agent who committed it for his own gain.—*Frenkel v. Hudson*, 82 Ala. 158; *Allen v. R. R. Co.*, 150 Mass. 206; *DeKay v. Water Co.*, 38 N. J. Eq. 158; 56 Fed. Rep. 849.

COLEMAN & BANKHEAD, *contra.*—1. The restriction in the receipt was unreasonable.—*So. Ex. Co. v. Caperton*, 44 Ala. 101; *Adams Ex. Co. v. Regan*, 29 Ind. 21; *Westcott v. Fargo*, 61 N. Y. 542; 4 s. c. 135.

2. A plea to a complaint as a whole, is bad if it fails to answer every count thereof.—*Smith v. Dick*, 95 Ala. 311; *Galbreath v. Cole*, 61 Ala. 139; *Werth v. M. L. & I. Co.*, 89 Ala. 373. On liability of principal for fraud of agent.—*So. Ex. Co. v. Jasper Tr. Co.*, 99 Ala. 416.

COLEMAN, J.—The litigation in the present case grew out of a state of facts almost identical with those, which arose in the case of *Southern Express Co. v. Jasper Trust Co.*, decided and reported in 99 Ala. 416. In the present case the Bank of Tupelo is plaintiff, and in that case, the Jasper Trust Company was plaintiff. D. R. Sanford was the agent in each of the cases, and resorted to precisely the same means to perpetrate a fraud upon the plaintiff in the case before us. In the case at bar, the defendant pleaded specially to the *whole complaint*, which consisted of two counts, that the money was received under a contract evidenced by a bill of lading, which provided that "in no event should the defendant be liable for any loss, unless a claim therefor should be

made in writing at the office of the defendant where the money is alleged to have been shipped from, within thirty-two days from the date of said contract," &c. A demurrer was sustained to this plea.

In the case of the *Southern Express Co. v. Caperton*, 44 Ala. 101, a similar provision in a receipt given for money as in the present case, was held to be unreasonable and that it tended to fraud and was inoperative. No reason is given in the argument of counsel why the rule is not sound. In fact the exception to this ruling of the court is not insisted upon in argument. It is unnecessary to consider whether the facts stated in the plea, without further averment, constitute an answer to the common count for money had and received to plaintiff's use, as the plea is insufficient in any event.

The instructions of the court given in behalf of the plaintiff were applicable to the facts and in accord with the principles declared in the case of the *Jasper Trust Co., supra*. The charges refused to the defendant in the latter case, and which on appeal were declared to have been correctly refused, considered in connection with the principles decided to be applicable, cover the present case in almost every essential particular. The charge requested by the appellant, the defendant below, which asserts the liability of the railroad company upon its bill of lading which purported to have been given for cotton received from the fictitious firm of R. H. Sanford & Co., may assert correct propositions of law. The writer did not sit in the case in which that question was determined (*Jasper Trust Co. v. K. C., M. & B. Co.*, 99 Ala. 416), but that is an abstract question in the present case, and the charges were properly refused on this account. The liability of the Express Company, we think, was declared in that case, and we cannot distinguish in principles the two cases.

One other point is made, and that is that the plaintiff should have surrendered the bill of lading for the cotton and the draft in order to maintain the action on the second count for money had and received. The Express Company never owned nor had any right to the bill of lading or the draft drawn on the supposed consignee of the cotton. The Express Company parted with nothing in consideration of the receipt by it of the money. The count for money had and received was maintain-

able, if at all, upon the ground that the agent of the Express Company, D. R. Sanford, fraudulently induced the plaintiff to send the money by express to R. H. Sandford & Co., a fictitious firm, which money was received in due course of its business by its agent, the said D. R. Sandford, and by him embezzled. The evidence fully sustains the contention that there was no such real firm as R. H. Sandford & Co. in fact ; on this point we are of opinion the court might have instructed the jury to this effect. There was nothing to surrender to the defendant. The money received by it and embezzled by its agent, *ex equo et bono*, belonged to the plaintiff, and could be recovered in assumpsit as money had and received for the plaintiff. The question was fully considered in the *Jasper Trust Co.* case, *supra*.

We find no error in the record.

Affirmed.