# Harris *v.* Western Union Telegraph Company.

## Action Against Company for Failure to Transmit Message.

1. *Rule of a telegraph company reasonable.*—A rule of a telegraph company that it will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission, is a reasonable one.

2. *Notice of a rule, what equivalent to.*—A plea to a complaint against a telegraph company for negligent failure of the defendant to promptly transmit a message, which averred that the message was written on one of the company's blanks and subject to the contract expressed on said blank, which was that the company would not be liable unless notice of damages claimed was presented to the company within sixty days after the message was filed for transmission, is the equivalent of the averment of notice of the rule on plaintiff's part.

3. *Sender of telegraph message when not bound by rules of the company.*—If an employe of a telegraph company receives a message for transmission written on a plain piece of white paper, and without calling attention to the rules of the company printed on its blanks, pastes the message on one of the blanks, he acts as agent of the company only, and the sender of the message is not bound by the rules, it not appearing that he had any knowledge of them from any source prior to the sending of the message.

4. *Affirmative charge when should be given.*—Where the complaint has been proven without conflict in the testimony, and the defendant has failed to adduce any evidence supporting a material averment of a special plea, the affirmative charge should be given for the plaintiff.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The facts of this case are fully stated in the opinion.

GORDON MCDONALD, for appellant, cited the following cases to show that the plaintiff was not bound to take notice of the rules of the defendant.—*Hinton v. Locke,*

5 Hill, 434; *Buck v. Grimshaw,* Edw. Ch. 140; *Smith v. Rice,* 56 Ala. 417; *M. & M. Ry. Co. v. Jay,* 61 Ala. 242; *Gordon v. Little,* 8 Searg. & R. 533; *Herring v. Skaggs,* 73 Ala. 446.

GEO. H. FEARONS and J. M. FAULKNER and RAY RUSHTON, *contra.*—The rule of the company requiring messages.to be written on its blanks was a reasonable rule. 25 Am. & Eng. Ency. 783; *W. U. Telegraph Co. v. Dozier,* 7 So. Rep. 225. (2). The clerk was the agent of the sender.—*Given v. W. U. Telegraph Co.,* 24 Fed. 119; *Railroad Co. v. Geer,* 24 S. W. Rep. 86; Stamey v W. U. *Telegraph Co.,* 18 S. E. Rep. 1008. (3). The sender of a telegram is bound by the conditions on the blank where he did not write, but dictated the message to the operator.—*W. U. Telegraph Co. v. Henderson,* 89 Ala. 510; *So. Ex. Co. v. Newby,* 36 Ga. 635; *Friedlander v. Tex. Ry. Co.,* 130 U. S. 416; *Carroll v. Express Co.,* 16 S. E. 128; *W. U. Telegraph Co. v. Buchanan,* 35 Ind. 439; *Clements v. W. U. Telegraph Co.,* 137 Mass. 463. (4). Regulations as to notice of damages binding.—*Fire Ins. Co. v. Felrath,* 77 Ala. 199; *Ala. Gold Life Ins. Co. v. Thomas,* 74 Ala. 578; May on Ins., Sec. 465; *Grinnell v. W. U. Telegraph Co.,* 113 Mass. 289; *Young v. W. U. Telegraph Co.,* 65 N. Y. 163.

McCLELLAN, C. J.—This action is prosecuted by Mary Harris against the Western Union Telegraph Co. and sounds in damages for the negligent failure of the defendant to promptly transmit and deliver to plaintiff's brother at Milton, Florida, a telegram sent by her from Montgomery, Alabama, and for the transmission and delivery of which she paid defendant's agent. Defendant pleaded the general issue, and the following special plea: "2nd. Defendant avers that at the time said alleged telegram was received by it for transmission, and for a long time prior thereto, it had in force a rule that all messages received by it should be sent on one of its blanks and subject to a contract on the back of said blanks, which said rule was a reasonable one. That the alleged message was written on one of the defendant's blanks and subject to the contract expressed on said blank, and that part of said contract was in the follow-

ing language: 'The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission.' And defendant avers that no claim for damages was presented to it within sixty days after said alleged message was filed with the company for transmission."

The rule here set out is a reasonable one. It does not limit the defendant's liability for negligence, as the demurrer to the plea assumes, but only requires reasonable notice to the defendant of claims for damages. Nor is the plea open to the further objection taken by the demurrer that it does not show that plaintiff was aware of the rule at the time the message was sent: The averment that the message was written on one of defendant's blanks upon which the requirement for notice of damages within sixty days was printed and was sent subject to the contract expressed thereon, of which this requirement was a part is, the equivalent of an averment of notice of the rule on plaintiff's part. The demurrer to the plea, was, therefore, properly overruled.

The evidence without conflict supported the complaint. But the court gave the affirmative charge for the defendant upon the theory that it had proved this special plea; and whether the evidence without controversy does support the plea is the only question for our consideration. We do not think it does. Our conclusion is that there was a failure of proof that the message was written upon one of the blanks of the defendant, and hence a failure to show that plaintiff made the special contract set up in the plea. The uncontroverted evidence was that plaintiff had the message written on a plain piece of white paper—not upon a blank of the company at all, that she then gave the message thus written and signed by her, and also money to pay for its transmission to one Johnson to carry and deliver it to the office of the defendant for transmission, and to pay for the same; that Johnson did carry the message to defendant's office and there delivered it to one of defendant's agents in its original form and condition and paid to such agent the charges for its transmission, that said agent received the message from Johnson and also the charges, and thereupon of his own motion pasted the plain white

paper on which the message was written onto one of defendant's telegraph blanks. Neither the plaintiff nor said Johnson knew anything about the company's requirement that messages should be written on its blanks nor of the stipulation printed on said blanks that notice of claims should be given within sixty days, etc., either at the time the message was delivered to defendant nor at any other time prior to the trial of the case, nor was there any evidence tending to show that they had any knowledge or notice of the rule or of the stipulation on the blanks. But it is insisted for appellee that the defendant's employé who received the message and the charges therefor from Johnson or from the plaintiff through Johnson acted as the agent for Johnson and for the plaintiff in pasting the original message onto one of defendant's blanks and thereby bound the plaintiff by the stipulation expressed on the blank, and this, we suppose is the view adopted by the trial court. We cannot admit this contention or adopt this view. The business of this employé was to receive the message from Johnson and the charges for its transmission. If the message was not in the form required by the defendant he should have declined to receive it until put in that form or until having called Johnson's attention to the requirement the latter had authorized him impliedly or otherwise to make it conform to the rule. When he accepted the message written as it was on a piece of plain paper unaccompanied by any stipulation, or words save those only of the message itself and accepted payment of the toll for its transmission then there was upon that instant a contract on the part of the company to send that message promptly to the plaintiff's brother and for a breach of that contract or for a breach of duty arising from the contract the plaintiff had the remedies which the law gave her, unimpaired and unaffected by the rule and stipulation now pleaded against her since she had neither notice of the rule nor of the stipulation, and therefore cannot be held to have impliedly authorized defendant's employé to conform her message to the rule, nor to have incorporated the terms of the stipulation expressed on the blank of the existence of which she was entirely ignorant, into the contract which she in fact made. It is not for us to say, nor was it for the jury to

[Harris v. Western Union Telegraph Co ]

say but that had she been apprised of all the stipulations, or of this stipulation, expressed on defendant's blanks, she might have declined to enter into the con- tract at all; but we may at least say that she had a right to decline, and that she cannot be holden to a stipulation which was not embraced in the contract she did make merely because it was defendant's rule, unknown to her, to require persons in her attitude to enter into the stipu- lation, or because the defendant after making a contract with her that did not embrace the stipulation pasted her message, which in itself was not clogged by any special conditions whatever, onto a printed blank which con- tained special limitations and requirements. This does not fall within that class of cases where the agent of a telegraph company performs some service for the sender of a message and in respect of which he is held to be the agent of the sender. Here the message as originally pre- pared was received by the company as also the charges for its tranmission. There was nothing further to be done by or for the sender. Upon this the duty of trans- mission was on the defendant and it had been paid for its performance. Whatever else was done with or about the message was the act of the defendant's employé, and whether in respect of such he is to be considered the agent of the defendant, he was certainly not the agent of the plaintiff.

The complaint having been proved without conflict in the testimony, and the defendant having failed to adduce any evidence supporting a material averment of the spe- cial plea, the affirmative charge should have been given for plaintiff, and not, as it was, for the defendant.

The question of the damages recoverable under the complaint does not arise on this appeal.

Reversed and remanded.