[Broadwood v. Southern Express Co.]

# Broadwood *v.* Southern Express Co.

*Action for Damages for Loss of Goods.*

(Decided July 6th, 1906.   41 So. Rep. 769.)

1. *Carriers; Limitation of Liability; Notice of Loss; Requirement; Reasonableness.*—A stipulation in a contract of carriage that the initial carrier and every other carrier to whom the goods may be delivered for transportation shall not be liable for any loss unless the claim therefor shall be presented in writing within 90 days after the date of the receipt, accompanied by the receipt, is a reasonable stipulation.

2. *Same; Waiver; Pleading; Sufficiency.*—In answer to a plea of failure to give notice to the carrier of the loss within 90 days after the date of the receipt, the plaintiff replied that within 90 days after the date of the shipment the consignee called at the office of defendant, and made inquiry for the goods, and was advised that the goods had not arrived; thereupon consignee telegraphed to the shipper requesting that he have the initial carrier trace them; that the shipper, with the consent of the agent of the initial carrier, and within 90 days after the date of the shipment, wrote to the head office of the initial carrier of the non-delivery of the goods, and inclosed ·a copy of the receipt, and that within 90 days after the date of the shipment the initial carrier was advised of the non-delivery of the goods, whereupon it began a search for the goods, and waived the provision in the contract of shipment requiring claim for the goods to be made in writing.   Held, that the facts stated did not show a waiver by the terminal carrier, the defendant, of the stipulations of the contract of shipment.

3. *Same; Loss of Goods; Amount of Recovery.*—A consignee is entitled to recover the value of the goods lost, though exceeding the valuation fixed by the shipper, in the absence of fraud or deceit practiced upon the carrier, where the loss occurred through the negligence of the carrier or its agents.

4. *Same; Loss of Goods; Proximate Cause.*—Where the negligence of the shipper in marking or packing the goods, or otherwise, was the proximate cause of their loss the carrier is not liable.

5. *Same; Non-delivery of Goods; Excusing Delivery; Plea; Sufficiency.*—A plea alleging that before the carrier ascertained

2

that the goods were intended for the plaintiff, plaintiff had left
the United States, thus preventing a delivery to him, and that
the carrier did not receive instructions from the plaintiff to de-
liver the goods to any other person, was subject to a demurrer
as showing no facts in avoidance of the fulfillment of the
contract, and as showing no attempts made to deliver the
goods.

APPEAL from Mobile Circuit Court.
Heard before Hon. SAMUEL B. BROWNE.
Action by L. J. Broadwood against the Southern Ex-
press Company. From a judgment for defendant, plain-
tiff appeals.

 There were a number of pleas and demurrers in the
cause, but the opinion sufficiently discloses all of them
except the replication to the fourth plea, which was as
follows: "For further answer to this plea, the plaintiff
says that the provisions of the contract under which de-
fendant received the goods, to the effect that the Great
Northern Express Company, and every other company to
whom said goods may be delivered or intrusted for trans-
portation, should not be liable for any loss or damage
unless the claim thereof should be presented in writing
at the shipping office within ninety days after the date
of the receipt, with receipt attached to. such statement,
was without consideration, and was therefore void. And
for further answer to this plea plaintiff says that with-
in ninety days  after the date of  the shipment  of the
goods in question, and after ample time had elapsed for
the arrival of said goods at Mobile, he called several
times at the defendant's office at Mobile, and made in-
quiry for goods and  was advised  by the  defendant's
agent that said goods had not arrived, whereupon he tel-
egraphed to M. M. Fry, at Bonners Ferry, Idaho, the
shipper of the goods, that the said goods had not arrived
at Mobile, and to have the Great Northern Express Com-
pany trace them; that said M. M. Fry, with the knowl-
edge and sanction of the agent of the Great Northern
Express Company at Bonners Ferry, Idaho, and within
ninety days after the date of the shipment of said goods,
wrote to the Great Northern Express Company at St.
Paul, Minn., which was the office of the president of the
Great Northern Express Company, of the nondelivery

of the goods, and inclosed in said letter a copy of the receipt which was given at the time of the shipment of said goods; and that within ninety days after the shipment of said goods and after ample time had elapsed for the arrival of said goods at Mobile, the Great Northern Express Company was advised of the nondelivery of said goods at Mobile, whereupon the Great Northern Express Company began an investigation for the recovery of said goods and waived the provision in the contract under which it received said goods, requiring claim for said goods to be made in writing at shipping office accompanied by receipt."

The following demurrers were filed to these replications: "(1) Said replication shows that the common carrier agreed to transport said goods, which was a sufficient consideration. (2) Because the plaintiff is claiming under said contract, and cannot at the same time allege that it is void. (3) Because said replications do not traverse, confess and avoid, nor set up an estoppel as to the facts alleged in said plea. (4) It does not show that the Great Northern Express Company had authority to waive any provision of the contract so far as this defendant is concerned."

Plea 2-D, filed by the defendant, was as follows: "The defendant admits the receipt of said package, and says that before it ascertained that the same was intended for plaintiff, the said J. L. Broadwood, he had left the United States, thereby preventing defendant from delivering said package to him, and the defendant did not receive instructions from him to deliver it to any other person."

The following demurrers were interposed to this plea: "Said plea does not offer an excuse for not effecting a delivery of the package constituting the subject-matter of the suit. Said plea contains no matter in avoidance of the fulfillment of its contract as a common carrier of goods. Said plea shows no attempt, by notice through the mails or otherwise, to effect a delivery of the package."

INGE & AMBRECHT, for appellant.—While a common carrier may provide in its contract for written notice

to be given it within a certain time of the non-delivery of goods, it cannot compel the consignee to surrender the only evidence of the shipment, the receipt, in order to maintain the claim.—*Southern Express Co. v. Caperton*, 44 Ala. 102. Limitations in bills of lading may be waived.—*C. & E. I. R. R. Co. v. Katsenbach*, 118 Ind. 174; *Rice v. B. R. R. Co.*, 63 Mo. 314; *Owens v. Railroad Co.*, 9 S. W. 841; *Hudson v. Railroad Co.*, 60 N. W. Rep. 608; *Wabash R. R. Co. v. Brown*, 152 Ill. 484.

JOEL W. GOLDSBY and JAMES H. WEBB, for appellee. No brief came to the Reporter.

. HARALSON, J.—By amendment the second count of the complaint was withdrawn, leaving only the first count which is one claiming of the defendant damages for failure to deliver goods received by it as a common carrier, to be delivered to the plaintiff at Mobile, Ala.

The fourth plea sets up, "that under the provisions of the contract made under which the goods were received, it was provided that the Great Northern Express Company and every other company to whom said property might be delivered or intrusted for transportation, should not be liable for any loss or damage unless the claim therefor should be presented in writing at the shipping office within ninety days after the date of the receipt, with receipt attached to such statement; and defendant alleges, that this was not done, and, therefore, the plaintiff ought not to recover in this action."

This plea was demurred to on the ground, that the stipulation in the contract of shipment releasing defendant from liability to plaintiff, unless claim be presented at the shipping office in 90 days after the date of receipt with receipt attached to such statement, is an unreasonable regulation and not binding on the plaintiff.

It may be that the plea is subject to demurrer on other grounds than the one assigned, but we can only consider the plea with respect of the specific ground of demurrer assigned.

The reasonableness *vel non* of a stipulation of the kind under consideration is one of law for the determination

[Broadwood v. Southern Express Co.]

of the court. Whatever may be the decisions of the courts of other states and of the Supreme Court of the United States, this court is committed to the proposition that a contract fixing 30 days as the time within which such claims must be presented is not reasonable. —*Southern Express Co. v. Caperton*, 44 Ala. 101, 4 Am. Rep. 118; *Southern Express Co. v. Bank of Tupelo*, 108 Ala. 517, 18 South. 664; *Southern Express Co. v. Owens*, 146 Ala. 412, 41 South. 752.

But these cases are not conclusive of the question as to whether 90 days should be considered reasonable. On the contrary we have held, that a rule of a telegraph company, that it will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within 60 days after the message is filed with the company for transmission, is a reasonable one.—*Harris v. Western Union Telegraph Co.*, 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70. It was there held, that the rule did not purport to, nor did it in effect limit the defendant's liability for negligence, but only required reasonable notice to the defendant of claims for damages.—See, also, *Wolf v. Western Union Tel. Co.*, 62 Pa. 83, 1 Am. Rep. 387; *Young v. Western Union Tel. Co.*, 34 N. Y. Super. Ct. 390; *Express Co. v. Caldwell*, 21 Wall. (U. S.) 264, 22 L. Ed. 556.

In the case last cited it was said, "Whether their rules (telegraph company rules) are reasonable or unreasonable must be determined with reference to public policy, precisely as in the case of a carrier."

So on the authority of the case of *Harris v. Western Union Tel. Co., supra,* we hold that the provision in the contract of shipment requiring the claim for damages to be presented within ninety days is reasonable and the demurrer as assigned was properly overruled.

The demurrers to the replications to plea 4 were properly sustained. It is true that stipulations such as the one set up in the plea may be waived, or the carrier may estop itself from invoking it, as a shield from liability, but neither of the replications is sufficient to show a waiver by the defendant company.

This brings us to consideration of plea 5 and the demurrer thereto. That plea is as follows: "And for fur-

ther answer to the complaint the defendant says that at the time of the shipment of said package the value thereof as given by the shipper, was stated at $225.00, and that the plaintiff ought not to have and recover of the defendant an amount exceeding such valuation."

It will be observed that no fraud or deceit is alleged as having been practiced on the carrier by the shipper, and under the plea, notwithstanding the failure of the carrier to deliver the goods, may have been the result of its own negligence, and the real value of the goods may have been greatly in excess of the valuation fixed, still the recovery of the plaintiff would be limited to the amount set out in the plea. Under our more recent decisions the demurrer to the plea was well made and should have been sustained.—*Southern Ry. v. Jones,* 132 Ala. 437, 31 South. 501; *Southern Express Co. v. Owens,* 146 Ala. 412, 41 South. 752.

Plea 2-A set up as a defense to the action, that the name of the consignee of the goods was defectively given in the bill of lading issued for them, and on the package containing them when shipped. The rule on this subject is, that when it appears that the proximate loss or injury to the goods was the negligence of the shipper in marking or packing them, or in some other respect, the carrier cannot be held responsible.—6 Am. & Eng. Ency. Law, 266, and authorities cited; 5 Ib. 370.

It may be that this plea, if tested by proper objections to it, was defective,—a question we do not decide; but it does not appear that it was subject to the demurrer interposed to it, and the same was properly overruled.

Plea 2-D was faulty, and was subject to the demurrer, that it contains no matter in avoidance of the fulfillment of its contract as a common carrier of goods, and shows no attempt by notice through the mails or otherwise to effect a delivery of the package. The demurrer to it should have been sustained. It may be added that it is not demurred to on the ground, that it assumes that defendant was ignorant of the consignee of the goods, before he left the United States.

As this plea is bad, there appears to be no necessity for considering the replications to it. For the error in

[Louisville & Nashville R. R. Co. v. Dunlap.]

overruling the demurrer to plea 2-D and plea 5, the judgment must be reversed.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.