# Louisville & Nashville Railroad Co. v. Price.

*Action for Failure to Deliver Goods.*

(Decided Feb. 11, 1909. 48 South. 814.)

1. *Carriers; Failure to Deliver Goods; Contract of Shipment.*— Where goods were shipped under a contract providing that no liability for damages or loss should attach to the company unless claim for such damage was promptly made after arrival, and if delayed more than thirty days, after delivery of the property, or after a due time for delivery, a plea which fails to allege that no claim was made within thirty days after due time for delivery is bad. the contract being relied on as a defense and the action being for a failure to deliver; nor can the court say, as a matter of law, in the absence of any agreement that from Feb. 27, to May 16, a due time for delivery had elapsed; neither can the court say, as a matter of law, that because part of the freight had been delivered on Feb. 27, a reasonable time had elapsed for the case not delivered.

2. *Evidence; Documentary Evidence; Receipt.*—A receipt signed by mark by an agent of the consignee of goods, although not attested or acknowledged, is valid, and its effect cannot be limited on its admission in evidence in an action against the carrier for a failure to deliver the goods receipted for.

3. *Carriers; Failure to Deliver; Freight Charges.*—Evidence of what freight charges the consignee had paid on the case delivered is admissible in an action against a carrier for failure to deliver a case of goods included in the shipment, but which was afterwards delayed.

4. *Charge of Court; Undue Prominence.*—Charges which accentuate certain parts or phases of the evidence, are properly refused.

5. *Appeal and Error; Erroneous Charges; Reversal.*—A cause will be reversed and remanded where a charge is given erroneously limiting the effect of evidence, where this court cannot know from the record the effect of such charge.

APPEAL from Marengo Circuit Court.

Heard before Hon. W. W. QUARLES, Special Judge.

Action by R. W. Price, agent, against the Louisville & Nashville Railroad Company, for failure to deliver goods. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The proof showed that the Louisville & Nashville Railroad Company received the first shipment under the bill of lading and delivered it on the 27th day of February, 1903, and that one case of cotton fabric was marked short; that on the 13th day of March, 1903, this particular case of fabric was delivered, and that he notified Mr. Price that the goods had arrived; that on the 31st day of March, 1903, Enoch Hester brought an order to the agent from Mr. Price to deliver any freight that he had; and that this particular case was delivered to Enoch Hester, a colored drayman, and his receipt taken for it. Witness identified the receipt shown, and testified that he wrote Enoch Hester's name to it and Enoch made his mark. The following is the receipt as set out in the record:

Form 701     Freight Receipt     Slip No. 316

_____
2

Reversed October 8, 1902
M. R. W. Price, R. 1767/Station, 3-28, 1903.

_____

Received of the Louisville and Nashville Railroad Company

. . . . . . . . . . . . . . .     . . . . . . . . . . . . . . . . . . . . . . . . . . .

In good order the following described property:

. . . .   . . . . . . . . . . . . . .   . . . . . . . . . . . . . . . . .

Articles Weight Rate Freight and Charges

_____

1c Feb.  330   24      3.10

Way Bill 1308
Car _____
3/27 1903
From Selma
Consignor,
Original point of shipment
Orignal Car
All bills payable in bankable funds.  3/31 1903

his<br>Enoch X Hester.<br>mark

Objection was interposed to the receipt because, first the name of Enoch Hester is signed thereto by mark, and that there are no attesting witnesses, and because the same is not a valid signed receipt. The court in its oral charge said: "I charge you that the receipt introduced in evidence is limited to a memorandum for the purpose of refreshing the recollection of the witness, and that the same is not a valid receipt." The following charges were requested by the defendant: "The

court charges the jury that, if they believe the evidence in this case, they must find in favor of the defendant." The other two charges were the general affirmative charges as to the first and second counts.

A. M. PITTS and A. D. PITTS, for appellant. The court erred in sustainng demurrers to pleas three and four.—*Harris v. W. T. U. Co.*, 25 So. Rep. 910; *Armstrong v. Chicago M. & St. Co.*, 54 N. W. 1059; *Western Railway Co. v. Harwell*, 91 Ala. 342; *So. Ex. Co. Caldwell*, 21 Wall 264; *So. Exp. Co. v. Nunnicutt*, 54 Miss. 566; 85 Fed. Rep. 985; 10 N. Y. S. R.. 803. The court erred in overruling objection to the question in regard to freight charges.—72 Ala. 451; 89 Ala. 534; 90 Ala. 366. The court erred in sustaining the objection to the introduction of the receipt in evidence.—*Bates v. Harce*, 26 So. Rep. 898; *Bickley v. Keenan & Co.*, 60 Ala. 293. The court erred in refusing charges requested by the defendant.—5 Amer. & Eng. Enc. 198; 46 Ala. 63.

C. K. ABRAHAMS, for appellee. The court properly sustained demurrers to the defendant's pleas.—*Southern Express Co. v. Caperton*, 44 Ala. 101; *Southern Express Co. v. Bank of Tupelo*, 108 Al.a 517; *Broadwood v. Southern Express Co.*, 41 South. 769; *Southern Express Co. v. Owens*, 41 South. 752. There is no question of the liability as warehouses in this case. The liability is that of a common carrier.—*Tallassee Falls v. Western Ry.*, 128 Ala. 167; *A. & T. R. R. Co. v. Kidd*, 35 Ala. 209; *M. & G. R. R. Co. v. Pruett*, 46 Ala. 63; *L. & N. v. Oden*, 80 Ala. 38. The receipt was not shown to have been properly executed.—Secs. 1 and 1805, Code 1896; *Ballow v. Collins*, 139 Ala. 543. As to proof of value see.—97 Ala. 341; 90 Ala. 36; 99 Ala. 325; 89 Ala. 287; 52 Ala. 606. As to the question of freight paid,

see.—*Johnson v. Beard,* 93 Ala. 96; *S. & N. Ala. R. R. Co. v. Wood,* 72 Ala. 451. The court did not err in limiting the effect of the freight receipt.—75 Ala. 432; 70 Ala. 303; 36 Ala. 703. The value of the lost goods were properly proven by Price.—*Echols v. The State,* 41 South. 298; *Burks v. Hubbard,* 69 Ala. 379; *E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 41.

MAYFIELD, J.—This is an action by appellee against appellant as a common carrier for failure to deliver one case of cotton fabrics. The defendant pleaded the general issue and two special pleas, Nos. 3 and 4. Special plea No. 3 attempted to avoid liability by setting up the provision of the contract of shipment reading as follows: "That claims for loss or damage must be made in writing to the agent at the point of delivery promptly after the arrival of the property, and if delayed for more than 30 days after the delivery of the property, or after a due time for the delivery thereof, no carrier hereunder shall be liable in any avent." Plea No. 3 averred that on February 27, 1903, other goods shipped under this contract were delivered to the plaintiff, and that he did not file his claim for the goods, the subject of this suit, until May 16, 1903. The special contract set up in plea No. 4 was as follows: That the plaintiff was to file in writing his claim for damage or injury or for loss of said goods within 30 days after the receipt of the goods, or after the time of the receipt of the goods with the agent of the defendant at the place of the delivery of the goods. The plaintiff demurred to these pleas.

These pleas are evidently insufficient, for the reason that the action was for a failure to deliver at the destination, and not for damages or destruction of the property. Consequently the plea should have alleged that there was a failure to make demand for more than 30

days after "due time for delivery." The plea should have alleged that no demand in writing was made for more than 30 days after due time for the delivery, because the 30-day period, in accordance with the special contract set up in that plea, did not begin to run until there was a delivery of the property at its destination, and that there was no delivery until after the lapse of due time for delivery. In the absence of a contract or an agreement, neither the trial court nor this court could say that there had been a lapse of due time for delivery. Of course, it could not be predicated upon the first clause of the special contract relied upon, because the 30 days in that case begins to run from the time of delivery; and there was no delivery—that is, the plea does not allege any delivery, nor does it show that more than 30 days had elapsed after a reasonable time for delivery. The court could not say, as matter of law, that because a part of the freight had been delivered on February 27th a reasonable time had elapsed for the delivery of that part the subject of this suit. As a matter of fact, it appears from the evidence and from the plea, taken together, that there was a reasonable time; but, in order for the plea to be sufficient, it must specifically aver—that is to say, seeking to avoid liability because of a special contract, it must clearly bring the defendant within the provisions of the contract. This it fails to do.

Plea No. 4 was defective for the same reason. The contention in the lower court, as to these pleas, seems to have been whether or not the special contract relied upon was valid. It is not necessary for us to decide that question, because the pleas were each insufficient for the reason pointed out, if the special contract be valid. The decisions of our own court, as well as those of many other states, are at variance as to whether or not such

contracts are valid.  Our court, in the case of *Southern Express Co. v. Caperton,* 44 Ala. 101, 4 Am. Rep. 118, in effect held that such a special contract between a shipper and a common carrier was void.  This case has been followed and cited approvingly by our court several times since its rendition.  It was, however, criticised by the Supreme Court of the United States in the case of *Express Co. v. Caldwell,* 2 Wall. 264, 22 L. Ed. 556, wherein the Supreme Court, through Strong, J., referring to *Caperton's Case,* used this language: "This case is a very unsatisfactory one.  It seems to have regarded the stipulation as a statute of limitations, which it clearly was not, and it leaves us in doubt whether the decision was not rested on the ground that there was no sufficient evidence of the contract."  McCLELLAN, C. J., speaking of a similar provision in a contract limiting liability of telegraph companies, in the case of *Harris v. Western Union Telegraph Co.,* 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70, which required the making of a claim in writing and presenting it within 60 days after the message was filed with the company for transmission, says: "The rule here set out is a reasonable one.  It does not limit the defendant's liability for negligence, but only requires a reasonable notice to the defendant of claims for damages."  Coleman, J., in the case of *Southern Express Co. v. Bank of Tupelo,* 108 Ala. 517, 18 South 664, speaking of the provision of the contract which required presentation of the claim in writing to the defendant within 32 days from the date of the contract, used the following language: "In the case of *Southern Express Co. v. Caperton,* 44 Ala. 101, 4 Am. Rep. 118, a similar provision in a receipt given for money as in the present case was held to be unreasonable and that it tended to fraud and was inoperative."  No reason was given in the argument of counsel why the rule

is not sound, and consequently the special contract in that case under consideration by Justice Coleman was declared to be void. Haralson, J., in the case of *Broadwood v. Southern Express Co.*, (148 Ala. 17, 41 South. 769), speaking of a similar stipulation or provision in contract of shipment of common carriers limiting liability to 90 days used the following language: "The reasonableness vel non of the stipulation of the kind under consideration is one of law for the determination of the court. Whatever may be the decision of the courts of other states and of the Supreme Court of the United States, this court is committed to the proposition that a contract fixing 30 days as the time within which such claims must be presented is not reasonable."—Citing *Caperton's Case*, 44 Ala. 101, 4 Rep. 118; *Southern Express Co. v.. Bank of Tupelo*, 108 Ala. 517, 18 South. 664; *Southern Express Co. v. Owens*, 146 Ala. 512, 41 South. 752, 8 L. R. A. (N. S.) 369, 119 Am. St. Rep. 41. "But these cases," says Justice Haralson, "are not conclusive of the question as to whether 90 days should be considered reasonable." But, referring to the case of *Harris v. Western Union Tel. Co.*, 121 Ala. 519, 25 South. 910, 77 Am. St. Rep. 70, holding that 60 days was reasonable he thereupon held that presentation within 90 days was a reasonable stipulation and that it was valid.

There was no error in the court's overruling the objection of the defendant to the question, propounded to the plaintiff, as to what freight charges he paid on the goods. This, if not a proper element of damages, was admissible and relevant for other purposes. But the court was clearly in error as to the limitation placed upon the receipt offered in evidence—the restriction of its use for any purpose, except as a mere memorandum to refresh the memory of the witness— as well as in the

charge to the jury to the effect that the receipt offered was not a valid receipt. It was not necessary that the signature to this receipt should have been attested. It was clearly not within the provision of the Code, and if the party who signed it had the authority to receive the goods and to receipt for the same, and did sign it by mark and deliver it to the agent of the defendant company, it was as valid as a receipt as if it had been attested or acknowledged.

There was no error in the court's refusing to give either of the charges requested by the defendant. Such charges would be gratuitous accentuations of certain parts or phases of the evidence; and, while they are not strictly general affirmative charges for the defendant, they are in the nature thereof. This being true, the charges here in question being based upon a part of the evidence only were well refused.

We cannot know what effect, if any, the charge of the court upon the nature of the receipt offered by the defendant as evidence had upon the jury; and for the error of limiting the effect of the same as evidence the case must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.