# Nashville, C. & St. L. Ry. v. Long & Son.

## Failure to Deliver Freight.

(Decided June 10, 1909. Rehearing denied June 30, 1909.
50 South. 130.)

1. *Carriers; Freight; Contract; Bills of Lading.*—If the time fixed is reasonable a stipulation in the bill of lading limiting the time within which claims for damages shall be presented, is valid.

2. *Same.*—A stipulation in a bill. of lading for the carriage of freight from a point in Alabama for delivery in St. Louis, Mo., that claims for damages must be promptly made after the arrival of the freight, and if delayed for more than thirty days after the delivery, or in due time for the delivery, no carrier shall be held liable, is invalid because unreasonable.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by H. M. Long & Son against the N. C. & St. L. Ry., for failure to deliver freight. Judgment for plaintiff and defendant appeals. Affirmed.

WALKER & SPRAGINS, for appellant.—The stipulation in the bill of lading was a reasonable one, and binding upon the shipper.—Moore on Carriers, p. 332; 4 Elliott on Railroads, sec. 1512; *Broadwood v. Southern Express Co.,* 41 South. 769; see also H. &N. 867; 180 U. S. 49.

JOHN A. LUSK, for appellee.—Thirty days was unreasonable.—*Gwyn-Harper Mfg. Co. v. Carolina Central,* 128 N. C. 280. The stipulation is contrary to section 4841, Code 1907; 2 Mayf. 67; *Southern Ex. Co. v. Bank of Tupelo,* 108 Ala. 517.

SIMPSON, J.—This action was brought by the appellee against the appellant, for damages for failure to deliver 19 cords of tan bark received by it as a common carrier, to be delivered, respectively, at St. Louis, Mo.,

and New Albany, Ind. The defendant's pleas set up the stipulation in the bill of lading as follows, to wit: "Claim for loss or damage must be made in writing to the agent at the point of delivery promptly after the arrival of the property, and if delayed more than 30 days after the delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." One plea alleges that no claim was made at the point of delivery within 30 days, and the other that no claim was made at said point before the commencement of this suit.

Stipulations limiting the time within which claims shall be presented are recognized as being valid, provided the time fixed is reasonable.—4 Elliott on Railroads (2d. Ed.) § 1512, and notes. The question of reasonableness seems to depend on the opportunities which the party has to know of the loss, and it is said that it is proper that a reasonable limitation be fixed, so that the carrier may be enabled to inform himself of the actual facts while the occurrence is recent.—1 Hutchinson on Carriers (3d. Ed.) §§ 441, 443, and notes. Our own court has held that a stipulation requiring claim to be presented within 30 days from the date of the receipt is unreasonable; the court saying that "30 days might elapse before the consignee became aware that anything had been consigned to him."—*Southern Ex. Co. v. Caperton*, 44 Ala. 101, 103, 4 Am. Rep. 118. This was followed in a case requiring presentation of the claim within 32 days from the date of the contract.—*Southern Ex. Co. v. Bank*, 108 Ala. 517, 520, 18 South. 664. Again, we held that 90 days after the receipt is reasonable.— *Broadwood v. Southern Express Co.*, 148 Ala. 17, 41 South. 769.

On the other hand, the Court of Exchequer in England held that a stipulation for presentation of a claim within 3 days after delivery of the goods was reasonable.

[Nashville, C. & St. L. Ry. v. Long & Son.]

The Supreme Court of the United States, after an exhaustive analysis of previous cases, held that, in view of the fact that the loss occurred within 2 days after the bill of lading was signed and shippers were notified 3 days thereafter, a stipulation, in a bill of lading by a steamship company, that the claim must be presented within 30 days from the date of the bill was reasonable, saying that the reasonableness depended upon the length of the voyage, etc—*Queen of the Pacific,* 180 U. S. 49, 57, 21 Sup. Ct. 278, 281, 45 L. Ed. 419. The court say, speaking of the rule giving effect to such stipulations; "It contravenes no public policy. It excuses no negligence. It is perfectly consistent with holding the carrier to the fullest measure of good faith, of diligence, and of capacity, which the strictest rules of the common law required; and it is intrinsically just, as applied to the present case." The Supreme Court of North Carolina takes a position different from many other courts, and holds that such stipulations are in derogation of the common law, and are void unless proved to be reasonable. It accordingly holds that a clause requiring the claim to be presented within 30 days after delivery, or after due time for delivery, is unreasonable.—*Gwyn-Harper Mfg. Co. v. Railroad,* 128 N. C. 280, 38 S. E. 894, 83 Am. St. Rep. 675.

Considerable time must be allowed for a freight train to travel from Alabama to St. Louis, and a shipper here would have to wait until the time when it might have been delivered, and then ascertain whether the freight had been delivered, and make his claim there. Under the facts of this case, the requirement that the claim shall be presented at the point of delivery within 30 days is unreasonable.

The judgment of the court is affirmed.

DENSON, McCLELLAN, and MAYFIELD, JJ., concur.