# Atlantic Coast Line R. R. Co. *v.* Ward.

### *Damage for Failure to Deliver Goods.*

(Decided April 11, 1912. 58 South. 677.)

1. *Commerce; Interstate; Initial Carrier.*—An initial carrier of an interstate shipment is subject to federal regulations, and hence, may not limit its liability to loss or damage occurring on its own line, but is responsible for any loss or injury caused by it or any connecting carrier.

2. *Appeal and Error; Harmless Error; Pleading.*—Where a plea is bad and cannot be amended so as to constitute a good defense without an entire departure from the original defense attempted, it is harmless error to sustain a general or inapt demurrer to the same.

3. *Carriers; Freight; Stipulations; Notice of Loss. Validity.*—If the time is reasonable a stipulation in a contract of shipment limiting the time within which claims for damages shall be presented is valid.

4. *Same.*—A stipulation in a contract of shipment that the shipper shall present a claim in writing to the carrier at the point of shipment within four months after delivery, or reasonable time for delivery, is a reasonable stipulation.

APPEAL from Henry Circuit Court.

Heard before Hon. MIKE SOLLIE.

[Atlantic Coast Line R. R. Co. v. Ward.]

Action by J. A. Ward against the Atlantic Coast Line Railroad Company for damages for failure to deliver goods. Judgment for plaintiff and defendant appeals. Reversed and remanded.

JOHN R. TYSON, and P. A. MCDANIEL, for appellant The grounds of demurrer were not sufficient to invoke the provision of the Act of Congress held valid in the case of *A. C. L. R. R. Co. v. Riverside Mills,* 219 U. S. 186, and hence, the court erred in sustaining them. The stipulations are valid, and the court erred in sustaining demurrers to plea 4—*N. C. & St. L. v. Long,* 163 Ala. 165; *McGhee v. Western Union,* 169 Ala. 109; *L. & N. v. Landers,* 135 Ala. 504.

POLLARD & MARTIN, for appellee. The court's action was proper.—*So. Ex. Co. v. Owen,* 41 So. 752; *C. of Ga. v. Sims,* 53 So. 826.

PELHAM, J.—The complaint seeks damages for the failure of the defendant (appellant) to deliver, within a reasonable time, certain articles of household furniture delivered to it, as a comman carrier, in the due course by the plaintiff at Abbeville, a station on its line of railroad in the State of Alabama, for transportation to Arlington, in the State of Georgia, a station on the line of the Central of Georgia Railway Company, a connecting carrier of the defendant.

The defendant filed a plea of the general issue and three special pleas, and demurrers were sustained to special pleas numbered 2 and 4. The court's action in sustaining demurrers to these pleas is assigned as error.

By plea No. 2, the defendant set up a clause in the contract of shipment undertaking to exempt it from lia-

bility for loss or damage not occurring on its own line of railroad. The defendant having received the property and issued the bill of lading for transportation of the goods from Abbeville, in the State of Alabama, to Arlington, in the State of Georgia—being, in other words the initial carrier—and the shipment being an act of interstate commerce and subject to federal regulations, the defendant could not limit its liability to loss or damage occurring on its own line, but was responsible for any loss, damage, or injury caused by it or any carrier or carriers over whose lines the property passed in reaching its destination.—*Central of Georgia Ry. Co. v. Sims*, 169 Ala. 295, 53 South. 826; *Atlantic Coast Line R. R. Co. v. Riverside Mills*, 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7. ,

The plea was bad and could not have been amended, so as to set up a good defense without an entire departure from the original defense made; and, even if, as contended by appellant, the demurrers to this plea did not sufficiently point out the defects, the court's action in sustaining general or inapt demurrers is not prejudical error that will cause a reversal—*Sunflower Lumber Co. v. Turner Supply Co.*, 158 Ala. 191, 48 South.. 510, 132 Am. St. Rep. 20; *Ryall v. Allen*, 143 Ala. 222, 38 South. 851; *Schuler v. Fisher*, 167 Ala. 184, 52 South. 390; *Staples v. Steed*, 167 Ala. 241, 52 South. 545. Ann. Cas. 1912A, 480.

Special plea No. 4, to which demurrer were sustained, set up a stipulation in the contract of shipment, whereby the defendant was not to be liable for loss, damage, or delay, unless the plaintiff presented a claim in writing to the carrier at the point of shipment or delivery within four months after delivery, or reasonable time for delivery. The plea averred a failure to make claim within that time. If the time fixed within which

[Greek-American Produce Co. v. Illinois Central R. R. Co.]

claims shall be presented is reasonable, the stipulation is valid.—*Nashville, C. & St. L. Ry. Co. v. Long & Sons*, 163 Ala. 165, 50 South. 130, and authorities cited. Ninety days after the receipt is a reasonable time.—*Broadwood v. So. Ex. Co.*, 148 Ala. 17, 41 South, 769. The time within which claims for loss, damage, or delay must be made is placed at four months in the uniform bills of lading recommended by the Interstate Commerce Commission for adoption by the railroads; and under the facts of this case, as disclosed by the pleadings, the requirements that the claim shall be presented within four months is reasonable, and the plea presents a good defense. Certainly the plea was not subject to the ground of demurrer assigned, that "it attempts to set up a contract limiting the time in which plaintiff may bring suit in the courts of the State of Alabama, contrary to law," and for the court's error in sustaining this demurrer to the special plea No. 4 the case must be reversed.

Reversed and remanded.