# Illinois Central R. R. Co. v. Avery & Son.

## Damage to Cattle.

(Decided November 7, 1914.   Rehearing denied December 17, 1914.
67 South. 414.)

1. *Partnership; Action; Parties.*—If the names of the members of a partnership are set out in the complaint and summons, the partnership may sue in the partnership name.

2. *Carriers; Goods; Limiting Liability.*—A special contract requiring that a claim for damages must be presented to the carrier within ten days, is void, and special pleas setting up the breach of the provisions of such a contract of shipment present no defense to an action for damages to goods in transit or held as freight.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by Avery & Son, a partnership, composed of S. M. Avery, and Will Avery, against the Illinois Central Railroad Company for damages to cattle while being transported. Judgment for plaintiff, and defendant appeals. Affirmed.

DAVIS & FITE, for appellant.

J. J. RAY, and W. V. MAYHALL, for appellee.

MAYFIELD, J.—(1) A partnership may sue in its partnership name, provided the names of the members thereof are set out in the summons and complaint. In the case of *Hatcher v. Branch, Powell & Co.,* 141 Ala. 413, 37 South. 690, it was said: "While the suit appears to have been brought in the name of the partnership as plaintiff, still the individual names of the partners composing the firm were set out in the complaint. On the authority of *Foreman v. Weil Bros.,* 98 Ala. 496 [12 South. 815], the trial court properly overruled the

demurrer to the complaint on the ground that the suit was brought in the name of the partnership."

The demurrer to the complaint on the ground that the suit was in the name of the partnership was properly overruled.

(2) The special contract attempted to be set up as a defense to the suit, that the claim for damages was not presented to the carrier within 10 days, was void under a long line of decisions in this state. The special pleas, therefore, setting up a breach of the provisions of the contract of shipment, presented no defense, and the trial court properly sustained demurrer thereto. The authorities on the validity of similar provisions in contracts of shipment and in contracts as to the delivery of telegrams were reviewed in the cases of *Louisville & Nashville Railroad Co. v. Price,* 159 Ala. 213, 48 South. 814, and *Nashville, Chattanooga & St. Louis Railway v. Long & Son,* 163 Ala. 165, 50 South. 130.

Haralson, J., in the case of *Broadwood v. Southern Express Co.,* 148 Ala. 17, 41 South. 769, speaking of a similar stipulation or provision in a contract of shipment of common carriers limiting liability to 90 days, had this to say: "The reasonableness vel non of the stipulation of the kind under consideration is one of law for the determination of the court. Whatever may be the decisions of the courts of other states and of the Supreme Court of the United States, this court is committed to the proposition that a contract fixing 30 days as the time within which such claims must be presented is not reasonable."

If 30 days is not a reasonable time, then 10 days is clearly not so, in the absence of some facts going to show that it was reasonable in the particular case; none-

such being alleged in any of the pleas in the case at bar.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE.GRAFFEN-RIED, JJ., concur.