# McNeill *v.* Atlantic Coast Line Ry. Co.

## Damages For Failure to Deliver Goods.

(Decided May 13, 1909.　49 South. 797.)

1. *Action; Nature.*—An action against a common carrier for a breach of contract of affreightment either by a failure to deliver, or a failure to deliver within a reasonable time is ex contractu.

2. *Carriers of Goods; Loss or Delay in Delivery; Pleading.*— Where the action was against a common carrier charged in one count with a failure to deliver, and in another count with the failure to deliver at a reasonable time, a plea which alleged that the shipment was to a point not on defendant line, and that it was agreed in the contract of shipment, that the defendant's liability should cease when it had delivered the goods to the connecting carrier and that it had so delivered the goods to the connecting carrier, was not demurable for failure to attach the contract as an exhibit or to set out the specific contract of shipment as alleged, because of the fact that it was not necessary that such contract should be in writing, in which event, it was not necessary to allege that it was in writing.

3. *Same; Contract.*—A contract with a carrier for the shipment of a car load of lumber need not be in writing, but may be made orally.

4. *Same; Limitation of Liability; Consideration.*—The shipment itself furnishes sufficient consideration for a contract limiting the liabilities of the initial carriers for injuries to a shipment of goods to those occurring on its line.

5. *Same; Loss or Delay in Delivery; Pleading.*—Where the action was against a common carrier, one count of which charged a total

[McNeill v. Atlantic Coast Line Ry. Co.]

failure to deliver and another charging a failure to deliver within a reasonable time, a plea alleging that the goods were shipped to a place not on its lines, and that it was agreed between the parties that defendant's liability should cease upon the delivery of the lumber to a connecting carrier which was specified, that the delivery was made to such carrier, and that the shipment sustained no damage while in possession of defendant, was not demurrable for a failure to show that the connecting carrier carried the lumber to its destination, or that plaintiff was notified of the delivery of the lumber to the connecting carrier or of its arrival at destination, since no such duties were specified in the contract alleged.

6. *Pleading; Replication; Departure.*—Where the action was against a common carrier for failure to deliver goods and the defense set up was an agreement limiting the liability of the carrier to injuries or losses occurring on this line, and that the goods were delivered without loss or delay to a connecting carrier specified in the contract of shipment, a reply to such plea setting up that after the shipment was made plaintiff was informed by an agent of the defendant that the lumber had been delivered to a certain connecting carrier and that he would find it at the freight office of such carrier at the point to which it was shipped and that plaintiff acted and relied on such information, but that such lumber had never arrived at the freight office of the connecting carrier and had not been delivered to plaintiff, constituted a departure from the complaint, since the complaint relies on a breach of contract of shipment and the reply alleges a misrepresentation of an agent of the defendant made sometime after the receipt of the lumber by the defendant and after the making of the contract of shipment.

7. *Pleading; Replication; Sufficiency.*—To be sufficient a replication must either traverse the plea, or confess and avoid the same or set up matter of estoppel against the matters pleaded.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by J. W. McNeill against the Atlantic Coast Line Railroad Company for damages for failure to deliver lumber. Judgment for defendant and plaintiff appeals. Affirmed.

R. L. HARMON, for appellant.—The demurrer to the several replications to pleas 2, 5 and 6 should have been overruled as they set up facts constituting an estoppel. —*Brooks v. Continental Ins. Co.,* 125 Ala. 615; *Tobias v. Morris,* 126 Ala. 535; *Turner v. Flinn,* 72 Ala. 532; *Allen v. Maury,* 66 Ala. 10; *Young v. Lehman,* 63 Ala. 519; 16 Cyc. 772 and 785. The replication was not a departure.—1 Chitty on Pleadings, 679; *Fields v. Killon,* 129 Ala. 376.

[McNeill v. Atlantic Coast Line Ry. Co.]

A. A. WILEY, for appellee.—A carrier may limit its liability to loss or damage occurring on its own line.— *Jones' case,* 89 Ala. 373; *Sanders' case,* 135 Ala. 510. In the absence of special contract each carrier is liable for loss of injury only upon its own line.—*M. & E. R. R. Co. v. Culver,* 75 Ala. 587; *Montgomery Co. v. Moore,* 51 Ala. 394; *Fosters' case,* 134 Ala. 255; *Jones' case, supra.* The action is ex contractu and not ex delicto.— *Southern Ry. Co. v. Rosenberg,* 129 Ala. 287; *Brinkenhoff & Co. v. L. & N.,* 119 Ala. 606.

MAYFIELD, J.—This was an action by appellant against appellee for the failure to deliver a car load of cypress lumber delivered by appellant to defendant as common carrier at Luverne, Ala., to be shipped to Cincinnati, Ohio, for a reward. The appellant was both the consignor and consignee. The complaint as last amended consisted of three counts, denominated A, B, and C, respectively. Each count is substantially in the form prescribed by the Code for actions on a bill of lading of common carriers. Form 15, p. 946, of the Code of 1896. Counts A and B claim damages for failure to deliver generally, while count B is for failure to deliver within a reasonable time. Each count is an action against a common carrier for breach of a contract of shipment, and is ex contractu.—*Southern Ry. Co. v. Rosenberg,* 129 Ala. 287, 30 South. 32.

The defendant filed seven pleas, denominated numerically 1, 2, 3, 3 1-2, 4, 5, and 6. The plaintiff, demurred to each of these pleas, except No. 1. Demurrer was sustained as to pleas 3, 3 1-2, and 4, and overruled as to pleas 2, 5, and 6. No. 1 being the general issue, there was no demurrer thereto. To these pleas 2, 5, and 6, which were special pleas, as to which plaintiff's demurrer was overruled, he filed six replications, numbered

1 to 6, inclusive. To each of these replications, except 1, defendant demurred, to each of which the demurrer was sustained. The trial was had upon issue joined upon the plea numbered 1, which was the general issue, and special pleas 2, 5, and 6, which resulted in verdict and judgment for the defendant, from which judgment the plaintiff appeals, assigning as error each of the adverse rulings of the court upon the pleadings as above set forth. There is no bill of exceptions; appeal being taken upon the record proper, and the only errors assigned being those upon rulings on the pleadings as shown by the record proper.

As before stated, each count of the complaint alleged a contract of shipment, made between the parties to the suit on May 27, 1905, of a car load of cypress lumber to be shipped from Luverne, Ala., to Cincinnati, Ohio, and to be there delivered to the plaintiff, setting up a breach of said contract and failure to deliver; two of them alleging failure to deliver generally, and the other a failure to deliver within a reasonable time. It will be observed that these counts are practically in the Code form, and that there is no allegation, in the Code form or in these counts, as to whether the contract of shipment was oral or in writing, but only that the goods were received by the defendant as a common carrier to be delivered to the plaintiff at Cincinnati, Ohio, and that, after receiving, the common carrier failed to deliver.

Plea 2 alleges as a defense to the action that its line extended only from Luverne, Ala., where the freight was received, to Montgomery, Ala., and that in order for the shipment to be carried to Cincinnati it was necessary for it to be delivered by the defendant at Montgomery to a connecting line; that it was agreed between the par-

ties in the contract of shipment that the liability of the defendant, on account of contract of shipment, should cease when it should deliver the car load of lumber to such connecting carrier in the city of Montgomery, Ala.; that it so delivered the car of lumber to the Mobile & Ohio Railroad Company, a connecting carrier, in the city of Montgomery, Ala.; and that the plaintiff sustained no damages while the freight was in possession of the defendant. Plea No. 5 is in substance the same as plea No. 2. It denies that defendant had any contract with the plaintiff that the car should be delivered at Montgomery to any particular connecting carrier, and avers that the defendant promptly transported the car from Luverne to Montgomery, Ala., and there delivered the same to the Mobile & Ohio Railroad Company, which formed a connecting line between Montgomery and Cincinnati, and that the car of lumber was carried over said line to Cincinnati. Neither of these two pleas allege whether the contract of shipment was oral or in writing.

Plea No. 6 alleges that on May 31, 1905, the defendant issued a bill of lading to plaintiff at Luverne, Ala., for transportation of the car load of lumber in question, which bill of lading was in writing, and a copy of which was attached and made a part of the plea; that the defendant was the initial carrier, and that its line extended only from Luverne, to Montgomery, Ala.; that this bill of lading constituted the sole contract between the parties for the shipment, and that by the terms thereof it was expressly stipulated and provided that "no carrier was bound to carry the property by any particular train or vessel, or in time for any particular market, or otherwise than with as reasonable dispatch as its general business will permit"; and also that "no carrier shall be liable for damages or loss not occurring on its portion of the route, nor after said property is

ready for delivery to consignee." It further alleges that the car of lumber, in the due course of business, was delivered by the defendant, the receiving carrier; to the Mobile & Ohio Railroad Company an intermediate carrier, at Montgomery, Ala., for transportation to Cincinnati, Ohio, for delivery to the plaintiff as consignee at that point; that when so delivered it was in good order and condition, and that the intermediate carrier receipted the defendant for the same as being in good order and condition at the time so received; that the intermediate carrier transported it to the point of destination named, and had it on hand, in good condition for delivery to the plaintiff, but that he was not present to receive it, and that he never called for it, and that it was stored in a safe place for a reasonable time, and that plaintiff refused to receive it.

We do not think it can be denied that each of these pleas stated a complete and perfect defense to any cause of action alleged in any count of the complaint, and that they are not subject to any ground of demurrer assigned thereto (and, so far as the writer of this opinion can see, are not subject to any other ground of demurrer, though as to this there is no intention to decide, because not necessary, and would be dictum, if so attempted). One ground of demurrer alleged was that the pleas should have attached as an exhibit or set out the specific contract of shipment alleged, or the particular clause thereof relied upon as a defense in said plea. A sufficient answer to this ground of demurrer is that pleas Nos. 2 and 5 did not allege that the contract was in writing. If oral, it was sufficiently set out, and could not be attached, and it was not necessary for the contract to be in writing, nor was it necessary to allege whether it was oral or in writing; but as to the sixth plea it alleged that the contract was in writing, and at-

tached a copy thereof as a part of the plea, but this is entirely too lengthy and copious to be set out in this opinion.

Another ground of demurrer assigned and insisted upon was that the pleas failed to show any consideration to the plaintiff for the agreement. This, of course, is without merit, for that the fact of shipment alone by the defendant was a sufficient consideration to support any lawful agreement between the parties as to the terms of shipment.

Another ground of demurrer alleged and insisted upon, as to plea No. 2, is that it fails to show that the Mobile & Ohio Railroad Company ever carried the lumber to Cincinnati, Ohio. A sufficient answer to this ground of demurrer is that the contract alleged was that the defendant was only to carry the lumber from Luverne to Montgomery, Ala., and there to deliver to a connecting carrier. It did not allege or set forth a contract which imposed a duty upon the defendant to see that the shipment was delivered by the Mobile & Ohio Railroad Company, but under the contract alleged the defendant's liability ceased when it delivered, promptly, to the Mobile & Ohio Railroad Company at Montgomery, Ala.

The next ground of demurrer insisted upon is that the pleas failed to show that the plaintiff was notified of the delivery of the lumber to the Mobile & Ohio Railroad Company by the defendant, or of its arrival. There is no merit in this ground, for the reasons, stated above, that the contract relied upon and alleged as a defense in these pleas showed that the only duty or liability resting upon the defendant, the receiving carrier was to promptly carry to Montgomery, Ala., and to there deliver, in good condition, to a common connecting carrier, and each of said pleas alleges a performance of this duty.

[McNeill v. Atlantic Coast Line Ry. Co.]

Consequently there could be no duty, under such contract, upon the defendant to notify the plaintiff, nor any liability for the failure of the Mobile & Ohio Railroad Company to notify him upon its arrival. These questions might be raised, and would be pertinent, if the action were against the delivering carrier, rather than the receiving carrier, who had not contracted for a delivery at destination but only to a connecting carrier.

Demurrers were properly sustained to all the replications filed by the plaintiff to pleas Nos. 2, 5, and 6. Each of the six replications filed was an entire departure from any cause of action contained in the complaint. The cause of action sued on and set forth in the complaint was an action ex contractu, for the breach of a contract in which the defendant received as a common carrier a car load of lumber and agreed to deliver to the plaintiff at Cincinnati, Ohio. No one of the replications is in any sense a denial of the facts set forth in any one of the pleas, nor does it confess and avoid the plea, nor does it present any matter of estoppel, but sets up entirely new matter, which, if availing at all, will be matter for a new and different action from that declared on in the complaint, which new and different cause is stated by the plaintiff's counsel in his brief as follows: "In this case, if pleas 2, 5, and 6 be true, and the replications 2, 3, 4, 5, and 6 also be true, it is clear that the plaintiff lost his lumber by reason of the misrepresentations and erroneous information given him by defendant, through its agent, that the lumber had been delivered to the Louisville & Nashville Railroad Company; for if the lumber was delivered to the Mobile & Ohio Railroad Company, and this information had been given to the plaintiff, he would have called at the freight office of the Mobile & Ohio Railroad Company at Cincinnati for this lumber, and would have received it."

[McNeill v. Atlantic Coast Line Ry. Co.]

It appears from the record in this case that the contract of shipment was made May 27, 1905; whereas the matters alleged in the replications were as to conversations had between the plaintiff and agents of the defendant on, to wit, June 3, 1905, in Luverne and in Montgomery, Ala., and the matters relied on by the plaintiff as to replication to plaintiff's pleas are, in substance, that on June 3, 1905, seven days after the receipt and contract of shipment relied upon, the plaintiff went to the agent at Luverne, with whom he contracted, and stated to him that he was on his way to Cincinnati to find the lumber; that this agent told him to go to the office of defendant, in Montgomery, and from another agent of defendant there, to wit, one Savage, he could get the information desired; that he went to the office in Montgomery on the same day, to wit, June 3, 1905; that he did not find Savage in, but found another agent, the chief clerk of Savage, who was in charge of the freight office of defendant in Montgomery; that he exhibited the bill of lading or contract of shipment to this chief clerk, and told him he was on his way to Cincinnati to receive the lumber; that this agent told him that the lumber had already been delivered by the defendant company to the Louisville & Nashville Railroad Company the day before, to wit, June 2, 1905, and that he would find it at the freight office of the Louisville & Nashville Railroad Company at Cincinnati; that plaintiff acted and relied upon this information, and that he received two cars at Cincinnati, and waited eight days for the receipt of the other car, the subject of this suit; but that it never arrived at the Louisville & Nashville freight office in Cincinnati, and that it had never been delivered to him, at Cincinnati or elsewhere.

If the facts stated in these pleas and the replications thereto are true, and they must be so treated as to rul-

ings thereon upon demurrer, the contract made by and between the plaintiff and defendant for the shipment of the freight was fully executed by the shipment of the freight from Luverne to Montgomery and by delivery to the Mobile & Ohio Railroad Company, a connecting carrier, on the 2d day of June, 1905, and the defendant thus discharged from all liability, because of a full performance of its part of the contract; but on the 3d day of June, 1905, one day thereafter, by reason of false or erroneous information given the plaintiff, by one of the defendant's agents as to the routing of this freight under the contract which was wholly executed—that is to say, the agent informed the plaintiff upon this day that it was shipped from Montgomery to Cincinnati over the Louisville & Nashville Railroad on the 2d day of June, when as a matter of fact it was shipped over the Mobile & Ohio Railroad—the plaintiff suffered the loss of his lumber so shipped. Whether this negligent act of the defendant's alleged agent at Montgomery was actionable, and whether it gave plaintiff a right of action against this defendant, it is not necessary for us to decide in this case; for the reason that if it is actionable, or confers a right of action upon the plaintiff, it is a separate and distinct cause of action from that sued on in this case, and would be an action of tort, and not of contract, and hence, at the time this suit was brought, could not have been joined in the same complaint with the counts sued upon.—Mayfield's Dig. vol. 3, pp. 1124, 1125. If the matters set forth in these replications could not be joined in a separate count with those sued on in this action, then certainly they are a departure from the cause of action set forth in the complaint.—*Winter v. Mobile Sav. Bank,* 54 Ala. 174; Mayfield's Dig. vol. 4, p. 452.

If the matters set forth in the replications do not constitute a right of action, it is equally true that they are not availing as an answer or a replication to the pleas to which they are addressed. They do not traverse the pleas, neither do they confess and avoid, nor do they present any matters of estoppel as to such pleas; and these are three qualities, one of which any replication must have in order to be sufficient. It is insisted most strenuously by counsel for the plaintiff that they do present matters of estoppel; but we are unable to see any element of estoppel as against this defendant's setting up the matters of defense contained in any of the pleas to which the replication is addressed. The pleas do not allege that the contract set up as a defense contained any provision that the car of lumber should be delivered to the Louisville & Nashville Railroad Company, and not to the Mobile & Ohio Railroad Company. In fact, the pleas expressly deny any such contract, nor does any one of the replications set up a contract which contained such provision. The only allegation tending in this direction is that the lumber was shipped in the car marked "L. & N." This, standing alone, of course, could not be construed to be a contract to ship over the Louisville & Nashville Railroad; nor is there any allegation in the complaint that the defendant, at Montgomery, after the contract was executed, stated to the plaintiff that the contract of shipment was that it should be shipped over the Louisville & Nashville Railroad, but only informed the plaintiff that it had been shipped over the Louisville & Nashville Railroad, when, as a matter of fact, it is shown by this record it was shipped over the Mobile & Ohio Railroad. This is the only recital as to shipment over the Louisville & Nashville Railroad, and this is affirmatively and conclusively shown to be erroneous. If the original contract of shipment declared on

in the complaint had been, or had been alleged to be, a contract to deliver to the Louisville & Nashville Railroad Company at Montgomery and ship over its line, and the defendant had delivered to the Mobile & Ohio Railroad, this would clearly have been a breach of the contract, and a plea setting up such delivery to the Mobile & Ohio Railroad, when the contract alleged in the complaint was to deliver to the Louisville & Nashville Railroad, would be demurrable; but when the contract of shipment, as in this case, contained no such provision, and the complaint no such allegations, it is a complete performance by the defendant carrier to deliver to any one of several equal, efficient, and reliable carriers, and surely it could not be said to be a breach of this contract, or to constitute matter of estoppel, for the agent of the defendant, after the contract was fully executed by the defendant company, to give erroneous information as to how it was executed.

If such erroneous information be actionable, it is a separate and distinct cause of action from that of the original contract. If the defendant's agents, at the time this contract was made, or even before it was executed, had made this statement, or representations similar to those alleged in the replication, it might be estopped thereby from afterwards asserting that the contract of shipment provided for shipment over the Mobile & Ohio Railroad or a different line; but it affirmatively appears that the representations were made after the contract was executed, and consequently could not have induced the making of it, or have had any effect whatever upon the original contract of shipment, which was fully executed. While, of course, it was wrong for this agent of the defendant to give erroneous information to the plaintiff, and while it may have damaged plaintiff, and may be actionable, yet it cannot operate to make the

[McNeill v. Atlantic Coast Line Ry. Co.]

defendant liable under a contract which was fully exe-
cuted, though the representations be concerning the sub-
ject matter of the executed contract.

Demurrers are leveled against each of the replications
from 2 to 6, inclusive, upon the ground of departure
from the original complaint, and the court properly
sustained the demurrers to such replications. There
were other pleadings in the case than those treated and
described in this opinion; but such pleadings were elim-
inated by the court or the parties, as to which there are
no objections or assignments of error. While we have
not treated separately and severally each assignment
of error of the pleadings and rulings of the court there-
on, they have been examined and considered; and the
opinion of the court upon those treated and discussed
disposes of all. We find no error shown in record of
which the appellant can complain.

We have fully examined all the authorities cited by
the plaintiff's counsel in the able and full brief which
he has submitted; but we find no error in the record.
It may be a hardship on the plaintiff to have received
erroneous instructions as to the routing of this shipment
and he may have suffered damages in consequence there-
of; but this hardship cannot be avoided, or compensa-
tion awarded for his loss, in this case. It is better that
the plaintiff should suffer an individual loss than that
this court should declare an erroneous ruling, the evil
consequences of which cannot be well foreseen.

The case is affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ.,
concur.