# Robertson *v.* Southern Railway Co.

### *Damage for Delay in Delivering Goods.*

(Decided May 16, 1912. Rehearing denied June 19, 1912. 59 South. 232.)

*Carriers; Shipment Contract; Limiting Liability.*—A carrier cannot by a contract limit its liability for loss or damage caused to an interstate shipment by its own negligence, or that of any connecting carrier.

[Robertson v. Southern Railway Co.]

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by C. A. Robertson against the Southern Railway Company for damages for failure to deliver certain household goods. Judgment for defendant and plaintiff appeals. Reversed and remanded.

WILLIAM VAUGHN and W. H. SMITH, for appellant. Counsel discuss the errors assigned, but without citation of authority.

J. T. STOKLEY, for appellee. The goods were shown to have been returned by way of the Seaboard Air Line, and there was a variance betwen the allegation and the proof.—*S. & N. A. Ry. Co. v. Wilson*, 78 Ala. 587. There was no appropriate grounds of demurrer to defendant's special plea, and having joined issue on them, and the proof being uncontradicted, the defendant became entitled to the affirmatice charge.—*M. & C. R. R. Co. v. Martin*, 30 South. 827.

PELHAM, J.—The appellant brought suit in the trial court against the appellee to recover damages for failure to deliver a shipment of household goods delivered to it as a common carrier at Birmingham, in the State of Alabama, for transportation and delivery to the plaintiff at Orlando, in the State of Florida. The defendant issued to the plaintiff a through bill of lading for the goods. The defendant set up by a special plea numbered 2 a stipulation in the contract of shipment whereby it was agreed that the carrier was not to be held liable for any loss or damage not occuring on its own line. The plaintiff's demurrers to this plea should have been sustained, and the court's action in overruling them must work a reversal of the case. The contract was for an

interstate shipment, and the defendant could not limit its liability as set up in the plea, but was responsible for loss or damage caused by its negligence or the negligence of any carrier or carriers over whose lines the shipment went in reaching its destination. The plea was bad, and the demurrers sufficiently pointed out its defect and should have been sustained.—*Atlantic Cotst Line R. R. Co. v. J. A. Ward. Infra,* 58 South. 677; *C. of Ga. Ry. Co. v. Sims,* 169 Ala. 295, 53 South. 826; *Atlantic Coast Line R. R. Co. v. Riverside Mills,* 219 U. S. 186, 31 Sup. Ct. 164, 55 L. Ed. 167, 31 L. R. A. (N. S.) 7.

There is no merit in the proposition advanced by the appellee that the proof failed to show a case made out by the plaintiff entitling him to a recovery. The evidence shows that the plaintiff delivered the goods to the defendant at Birmingham and went immediately to Orlando, where he remained for 21 days, calling upon the agent of the defendant's connecting carrier each day for a delivery of the goods, but failed to get them. There is nothing in the record to show that the goods were delivered to the plaintiff at Orlando, or that the contract of shipment was completed by carrying the goods to the point of destination and delivering them to plaintiff there, or elsewhere for that matter. Nor does it appear that the plaintiff waived his right, or was precluded by any act of his, to recover damages of the defendant for a failure upon its part to deliver.

Reversed and remanded.