166 So. 683

**BURGESS v. JONES.**

**8 Div. 721.**

Supreme Court of Alabama.
March 5, 1936.

J. L. Orman and Wm. Stell, both of Russellville, for appellant.

H. H. Hamilton, of Russellville, for appellee.

ANDERSON, Chief Justice.

This is an action by appellant on a promissory note alleged to have been executed by defendant for $809.16, dated November 29, 1931, claiming interest from date and attorney's fee of $80.

Defendant pleaded specially: (1) Payment in full; (2) usury to the amount of $502.35; (3) counterclaim for money had and received, $375.55; and (4) that the debt sued on was secured by a mortgage on land which plaintiff foreclosed, and bought in the property at $800, and that the amount of the mortgage debt was only $524.45, less $48 (or $476.45), and claims judgment for the difference.

Plaintiff's demurrers to those pleas were overruled.

Appellant argues that plea 3 was subject to demurrer because the plea of usury is cut off by a foreclosure. But that plea does not show a foreclosure; neither does the complaint.

Plaintiff then filed replications to pleas 3, 4, and 5. On motion of defendant, the court struck replications 1, 2, and 3, leaving the general issue to those pleas. Since the replications were not frivolous, prolix, irrelevant, or unnecessarily repeated, and the contention is that they were defective in substance, their sufficiency should have been tested by demurrer. Section 9458, Code; Bennett v. Bennett, 224 Ala. 335, 140 So. 378; Baker v. State, 222 Ala. 467, 133 So. 291; Hill v. Hyde, 219 Ala. 155, 121 So. 510; Brooks v. Continental Ins. Co., 125 Ala. 615, 29 So. 13; Sibley v. Bowen, 222 Ala. 13, 130 So. 547. When so, it is error to sustain a motion to strike them. Alabama G. S. R. Co. v. Clark, 136 Ala. 450, 34 So. 917.

But the rule also is "that although a plea may be improperly eliminated, if it could not be amended so as to make it a good plea without departing from the defense therein attempted, the error as to the manner of getting rid of it would be error without injury." Central of Georgia R. Co. v. Sims, 169 Ala. 295, 53 So. 826, 828.

So that we must test replications 1, 2, and 3 by inquiring whether they undertake to set up matter which could be made into a good replication without departing from the defense attempted to be set up, assuming that they might be defective in some respects. The defense there attempted was, in substance, that defendant had executed a land mortgage to plaintiff to secure the debt sued on; that the mort-

gage had been foreclosed before the suit was begun, and plaintiff became the purchaser as he was authorized by the mortgage, and bid in the property at $800.

It is also noted that the complaint states that defendant is entitled to a credit of $800 as of November 8, 1934, which is the date alleged in the replication as that of the foreclosure sale. So that the complaint only claims the amount of the excess over and above the $800 credit on that day, and the replication shows that the credit is by virtue of the foreclosure, which according to the complaint would leave a balance and interest and attorney's fee.

■ The replications must be tested as an answer to each of the pleas 3, 4, and 5. Plea 5 is the general issue, and the replications were not appropriate to it, and were stricken without error. They are not directed to plea 2, that of usury.

■ Plea 3 is for money had and received, and, by a special replication to it, there is nothing to be accomplished. Plaintiff did not sustain any injury from the judgment striking it as an answer to plea 3.

■ Special plea 4 is a counterclaim, and seeks to recover the amount of the difference between the amount of the purchase price at which plaintiff bought the property at foreclosure sale and the amount of the debt alleged to be less than the purchase price. In order to sustain that plea, defendant would have to prove the substance of what is set up in the replications. They set up no defense necessary to be replied to specially in any way or manner to pleas 3, 4, and 5, and plaintiff sustained no injury because the court struck them on motion.

We will state, however, our views on the effect of the foreclosure, both as to plaintiff's right to recover, including the defense of usury, and as to defendant's right on his counterclaim set up in pleas 3 and 4. Plaintiff is suing on a promissory note or bond, and admits credit of $800, which does not pay the full amount of it. Plaintiff's right to recover depends upon whether there is a balance due after such credit. Defendant says there is no balance because the note included usurious interest in an amount in excess of the balance claimed. Under section 8567, Code, when payments are made on a note containing usury, they must be deducted from the principal. If there is a balance of principal unpaid, plaintiff may have judgment for it, without including any interest. That is true whether such credit of $800 was a voluntary payment or was by virtue of a foreclosure sale. Although there was a foreclosure sale, it would not prevent defendant from pleading and showing that the balance claimed by plaintiff is in whole or in part interest and that the note was usurious so as to forfeit all interest. The foreclosure sale would have no more effect in this respect than a voluntary payment. But, as respects defendant's counterclaim and his right to show that the mortgage debt was less than $800, set up in plea 4, as the amount of the purchase price at the foreclosure, the effect is to preclude defendant from showing that the mortgage debt should be reduced below $800 by reason of usury in the note.

■ If the debt contracted to be paid, including interest, though usurious, was equal to or exceeded $800, the foreclosure of the mortgage and purchase at $800 was an execution of the contract, and satisfied it to that extent, preventing the mortgagor from claiming that the amount of the purchase price included usurious interest to the same extent as though he had voluntarily paid that amount. While it was not a voluntary payment, the contract became executed when the mortgagee bought at the sale with due authority. Jones v. Meriwether, 203 Ala. 155, 82 So. 185; Alford v. Southern Bldg. & Loan Ass'n, 228 Ala. 412, 153 So. 864, as when a third person buys, Welsh v. Coley, 82 Ala. 363, 2 So. 733.

So that on the defendant's counterclaim he may show any matter which reduces his debt to plaintiff below $800 except usurious interest. Alford v. Southern Bldg. & Loan Ass'n, supra. If it can only be reduced below that sum by eliminating usurious interest, defendant cannot recover on his counterclaim by reason of the foreclosure.

When the mortgage was foreclosed, the amount of the purchase price was due to be applied as there provided, including such rights as the mortgagee otherwise had secured by law.

[8, 9] A mortgagor in possession is considered as the owner of the land, and it is his duty to pay the taxes. If he neglects or refuses to pay the taxes and assessments, it becomes the right of the mortgagee to pay them and be reimbursed therefor. 41 Corpus Juris, 638; Red Mountain Mining Co. v. Jefferson County Savings Bank, 113

Ala. 629, 21 So. 74, 59 Am.St.Rep. 151. True, the mortgagee here purchased the land at tax sale, but that was necessary to protect the mortgage lien and inured to the benefit of the mortgagor as well as himself. The trial court erred in not permitting the appellant to show what he had paid out for taxes and charges due upon the land which should be included as a part of the mortgage indebtedness.

The trial court did not err in refusing to let the appellant show the amount of other bids at the mortgage sale as his bid of $800 was prima facie evidence of the fact. Union Bank & Trust Co. v. Royall, 226 Ala. 670, 148 So. 399. Moreover, appellant, in his complaint, conceded as a credit the $800 bid at the mortgage sale.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.